**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JONATHAN ESCHETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| FIELDWOOD ENERGY, LLC, ISLAND | § | **PLAINTIFF'S ORIGINAL** |
| OPERATING COMPANY, INC. and | § | **COMPLAINT** |
| DYNAMIC INDUSTRIES, INC., | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## PLAINTIFF JONATHAN ESCHETE'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Jonathan Eschete files this Original Complaint against Defendants Fieldwood Energy, LLC, Island Operating Company, Inc. and Dynamic Industries, Inc. and respectfully shows the Court as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1333 *et seq*. and/or under general maritime law.

2.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and under 43 U.S.C. 1349(b)(1) as one or more Defendants reside and/or may be found in this district.

3.      This court has personal jurisdiction over Defendants because they do business in this District on a continuous and systematic basis.

## PARTIES

4.      Plaintiff Jonathan Eschete is a citizen and resident of Louisiana.

5.      Defendant Fieldwood Energy, LLC is an entity incorporated under the laws of the State of Delaware with its principal place of business in this District and doing business in this District on a continuous and systematic basis. This defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701. Plaintiff requests a summons

6.      Defendant Island Operating Company, Inc. is a foreign entity doing business in this District on a continuous and systematic basis. This defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201. Plaintiff requests a summons.

7.      Defendant Dynamic Industries, Inc. is a foreign entity doing business in this District on a continuous and systematic basis. This Defendant may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTS

8.      On or about March 2, 2018, Plaintiff was working as a rigger for Acadian Contractors on the Southpass 65A platform located in the Gulf of Mexico. Plaintiff suffered serious injuries to his back, groin, leg, and other parts of his body when he fell through a hole located on the subject platform.

9.      On information and belief, the platform in question was owned, operated, and/or controlled by Defendants Fieldwood Energy, Island Operating Company, and/or Dynamic Industries. The incident giving rise to Plaintiff's injuries was proximately caused by the negligence on the part of Defendants Fieldwood Energy, Island Operating Company and/or Dynamic Industries, their agents, servants, and/or employees, including Defendants' "company

men," and other on-site representatives who were acting in the course and scope of their employment for Defendants at all relevant times herein.

10.     Plaintiff would further show that Defendants had custody, possesion and/or control of the relevant areas of the subject platform and were responsible for maintaining the platform in a reasonably safe condition and free from unreasonably dangerous conditions and hazards that would expose Plaintiff to injury. The hole Plaintiff fell into constituted an unreasonably dangerous condition.

11.     Furthermore, on information and belief,  Defendants maintained control over the instrumentalities and activities in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendants' negligent disregard of this duty.

12.     Plaintiff would show that nothing he did or failed to do on the date of the incident in question caused or in any way contributed to cause his injuries. Specifically, prior to the incident in question, Plaintiff had no knowledge of the hole giving rise to his injuries.

## **RESPONDEAT SUPERIOR**

13.     Whenever in this Complaint it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business.  Therefore, under the doctrine of respondeat superior, Defendants are vicariously liable for the acts and omissions of their agents, officers, directors,

servants, and employees in the course and scope of their employment, further outlined elsewhere in this complaint and incorporated by reference here fully.

## COUNTS AGAINST DEFENDANT FIELDWOOD ENERGY, LLC

14.    Plaintiff incorporates all other paragraphs by reference here fully.

15.    Plaintiff would show that Defendant Fieldwood Energy, LLC had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16.    Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

17.    Accordingly Defendant is liable for the subject incident and is negligent and negligent per se for the following acts or omissions:

a.    failing to maintain the deck of the platform in a reasonably safe condition;

b.    failing to warn Plaintiff of the unreasonably dangerous condition (*i.e.* the hole in question) on the platform;

c.    failing to barricade, seal off or otherwise cover the hole in question;

d.    failing to properly supervise and train their employees and crew;

e.    failing to provide adequate safety equipment;

f.    under the doctrine of respondeat superior for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

g.    violating applicable Coast Guard, OSHA, and or BSEE regulations and/or standards;

h.    failing to maintain a safe work environment; and

i.    other acts deemed negligent.

18.     Accordingly, Defendant is negligent and negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT ISLAND OPERATING COMPANY

19.     Plaintiff incorporates all other paragraphs by reference here fully.

20.     Plaintiff would show that Defendant Island Operating Company had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

21.     Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

22.     Accordingly, Defendant is liable for the subject incident and is negligent and negligent per se for the following acts or omissions:

a.      failing to maintain the deck of the platform in a reasonably safe condition;

b.      failing to warn Plaintiff of the unreasonably dangerous condition (*i.e.* the hole in question) on the platform;

c.      failing to barricade, seal off or otherwise cover the hole in question;

d.      failing to properly supervise and train their employees and crew;

e.      failing to provide adequate safety equipment;

f.      under the doctrine of respondeat superior for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

g.      violating applicable Coast Guard, OSHA, and or BSEE regulations and/or standards;

h.      failing to maintain a safe work environment; and

i.      other acts deemed negligent.

23.    Accordingly, Defendant is negligent and negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT DYNAMIC INDUSTRIES, INC.

24.    Plaintiff incorporates all other paragraphs by reference here fully.

25.    Plaintiff would show that Defendant Dynamic Industries, Inc. had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

26.    Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

27.    Accordingly, Defendant is liable for the subject incident and is negligent and negligent per se for the following acts or omissions:

   a.    failing to maintain the deck of the platform in a reasonably safe condition;

   b.    failing to warn Plaintiff of the unreasonably dangerous condition (*i.e.* the hole in question) on the platform;

   c.    failing to barricade, seal off or otherwise cover the hole in question;

   d.    failing to properly supervise and train their employees and crew;

   e.    failing to provide adequate safety equipment;

   f.    under the doctrine of respondeat superior for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

   g.    violating applicable Coast Guard, OSHA, and or BSEE regulations and/or standards;

   h.    failing to maintain a safe work environment; and

   i.    other acts deemed negligent.

28.     Accordingly, Defendant is negligent and negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## <u>DAMAGES</u>

29.     Plaintiff incorporates all other paragraphs by reference here fully.

30.     As a direct and proximate result of the incident in question and negligence described above, Plaintiff sustained the following injuries and damages:

a.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.     Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e.     Physical impairment in the past;

f.     Physical impairment which, in all reasonable probability, will be suffered in the future;

g.     Mental anguish in the past;

h.     Mental anguish which, in all reasonable probability, will be suffered in the future;

i.     Loss of earnings and/or earning capacity in the past;

j.     Loss of earning capacity, which, in all probability, will be incurred in the future;

l.     Cost of medical monitoring and prevention in the future; and

m.     All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## REQUEST FOR JURY TRIAL

31.    Plaintiff hereby requests a jury trial of this matter.

## CONCLUSION & PRAYER

Plaintiff prays for a trial by jury and that, after due proceedings are had:

a.    There be judgment rendered herein in favor of Plaintiff, and against Defendants, for all damages, together with the maximum allowable legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

b.    Plaintiff be allowed to proceed and prosecute this case without pre-payment of costs; and,

c.    For all such other and further relief to which Plaintiff may be entitled under law and in equity.

Respectfully submitted,

*/s/ Matt L. Martin*

_____
Matt L. Martin (**Attorney-In-Charge**)
Texas State Bar No. 24090246
S.D. Tex. Bar No. 3133294
mmartin@zehllaw.com
Ryan H. Zehl
Texas State Bar No. 24047166
S.D. Tex. Bar No. 578167
rzehl@zehllaw.com
Kevin C. Haynes
Texas State Bar No. 24055639
S.D. Tex. Bar No. 1286231
khaynes@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.491.6064
Facsimile  713.583.8545
**ATTORNEYS FOR PLAINTIFF**